IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN IMMIGRATION COUNCIL,
1331 G Street, NW, Suite 200
Washington, DC 20005

   Plaintiff,

  v.

U.S. CUSTOMS AND BORDER
PROTECTION,
1300 Pennsylvania Avenue, NW
Washington, D.C. 20229

and U.S. DEPARTMENT OF
HOMELAND SECURITY,
245 Murray Lane, SW
Washington, DC 20528-0075
   Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking to compel U.S. Customs and Border Protection ("CBP"), a component of the U.S. Department of Homeland Security ("DHS"), to immediately release records relating to the agency's implementation and use of the CBP One mobile application ("CBP One" or "the app").

1

2. CBP One is a mobile application developed by CBP to collect information about individuals who interact with CBP in specific ways. CBP launched CBP One on October 28, 2020 and has added different functions to the app since that time.[1]

3. CBP's website currently lists only three functions for CBP One: 1) cargo carriers can use the app to schedule appointments with CBP personnel for inspections of cargo; 2) travelers can use the app to obtain information about their arrival and departure records, otherwise known as an I-94; and 3) international organizations can use the app to verify whether individuals are enrolled in the Migrant Protection Protocols ("MPP"),[2] a widely criticized U.S. government program that forces individuals seeking asylum in the United States at ports of entry on the southern border to return to Mexico for the duration of their immigration proceedings.

4. Apart from this limited information available on its website, CBP has failed to provide easily accessible and consistent information to the public about CBP One, including other current or future uses for the app and any plans to use the information it collects through the app.

5. The public can only infer the agency's plans from information scattered in different sources.

6. DHS published a Privacy Impact Assessment (PIA) about the app on February 19, 2021, which the agency updated on February 26 and May 7. The PIA describes additional app features not listed on the webpage.

---

[1] Press Release, U.S. Customs and Border Protection, CBP Announces the Addition of I-94 Features to CBP One Mobile App (June 11, 2021), https://www.cbp.gov/newsroom/national-media-release/cbp-announces-addition-i-94-features-cbp-one-mobile-app.
[2] U.S. Customs and Border Protection, CBP One<sup>TM</sup> Mobile Application, https://www.cbp.gov/about/mobile-apps-directory/cbpone.

7. For example, the PIA announced that CBP would launch a pilot program by spring 2021 that would allow travelers to self-report their exits from the United States at certain ports of entry on the northern border by capturing users' geolocational data from their phones using CBP One. U.S. Dept. of Homeland Security, Privacy Impact Assessment for the CBP One$^{TM}$ Mobile Application 2 (Feb. 19, 2021), https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp068-cbpmobileapplication-may2021.pdf. CBP did not mention this pilot program in its February 22, 2021 press release about the app.

8. Additionally, the PIA states that Transportation Security Administration (TSA) supervisors can access CBP One's facial recognition technology to verify MPP enrollees' authorization to travel within the United States. *Id.* at 21.

9. The PIA also revealed that CBP One could be used by international organizations to collect and submit to CBP information of individuals seeking waivers of exclusion implemented under a Title 42, which allows the director of the Centers for Disease Control and Prevention (CDC) to "prohibit…the introduction" into the United States of individuals who might spread a communicable disease.

10. Other functions can be inferred from CBP's September 28, 2021, request for public comment regarding collection of information from individuals at the border. Information Collection Request, 86 Fed. Reg. 53667 (Sept. 28, 2021). For example, the collection of information request suggests CBP One could be used by noncitizens who request to present themselves at a specific port of entry for processing to modify the date and time of the appointment, a function of the app not described in the PIA. *Id*. In the information request, CBP also announces its plan to expand the pool of noncitizens who could provide biometric and biographic information in advance of their arrival at ports of entry. In addition to those seeking

waivers of the prohibition to processing under Title 42, any undocumented noncitizens who would be processed under Title 8 could submit information in advance. *Id.* CBP's request for comments does not say explicitly that CBP One will be used to collect this information in advance, even though such function has been available to those who seek waivers under Title 42.

11. Further, CBP failed to publicize on its webpage certain capabilities employed by CBP One to perform its functions.

12. For example, the CBP One features created to identify MPP enrollees utilize facial recognition technology. International organizations' staff used the app to verify whether immigrants were enrolled in MPP by submitting photographs of immigrants, which are then compared with pictures in existing DHS databases. DHS, *supra* at 16 – 17. The app also allows international organizations to use the app's facial recognition to identify individuals seeking entry into the United States and are applying for exceptions to expulsions under Title 42. Information explaining that the photos of noncitizens submitted through CBP One are stored in the agency's databases and detailing how long they are kept in these databases is difficult to find.

13. CBP's webpage describing CBP One does not fully inform app users or the public about the agency's plans to expand the app's features and uses.

14. According to the PIA, CBP plans to "eventually replace and upgrade existing CBP public-facing mobile applications to improve user interaction and services," with CBP One. *Id.* at 1. As CBP adds functionality, however, it has not informed the public about the full scope of the app's current uses or how it plans to deploy the app in the future.

15. When Plaintiff requested information through FOIA about CBP One's current uses and plans for future use, CBP failed to respond in a manner prescribed by the FOIA.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

17. This Court has jurisdiction to grant declaratory and further proper relief pursuant to 5 U.S.C. §552(a)(4)(B), 28 U.S.C. §§ 2201-2202 and Federal Rules of Civil Procedure 57 and 65.

18. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because the Council's principal place of business is in the District of Columbia.

**PARTIES**

19. Plaintiff American Immigration Council ("the Council") is a tax-exempt, not-for-profit educational and charitable organization under Section 501(c)(3) of the Internal Revenue Code. Its principal place of business is in Washington, D.C. The Council was established to increase public understanding of immigration law and policy, advocates for the fair and just administration of U.S. immigration laws, protects the legal rights of noncitizens and citizens, and educates the public about the enduring contributions of immigrants. Through research and analysis, the Council has become a leading resource for policymakers at the national, state, and local levels who seek to understand the power and potential of immigration and to develop policies that are based on facts rather than myths. The Council also seeks to hold the government accountable for unlawful conduct, restrictive interpretations of the law, and for failing to ensure that the immigration laws are implemented and executed in a manner that comports with due process through the pursuit of transparency and impact litigation.

20. Defendant DHS is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f).

21. DHS is responsible for enforcing federal immigration laws.

22. Upon information and belief, DHS has possession and control over the records sought by the Plaintiffs in the FOIA Request.

23. Defendant CBP is a branch of DHS and is likewise an agency within the meaning of 5 U.S.C. § 552(f).

24. Among other duties, CBP is responsible for enforcing immigration laws at the borders and other ports of entry into the United States.

25. CBP inspects individuals seeking entry into the United States, including U.S. citizens, lawful permanent residents, nonimmigrants, and asylum seekers.

26. Upon information and belief, CBP has possession of and control over records requested by Plaintiffs.

## PLAINTIFF'S FOIA REQUEST

27. The Council filed a request for information under the Freedom of Information Act ("FOIA") with CBP on July 29, 2021 (the "FOIA Request").

28. The FOIA request sought records about the efficiency and accuracy of the facial recognition technology employed by CBP One. It also requested information relating to the app's development and plans for the use of the app's tools, such as its GPS tracking tool. Finally, the Council requested records relating to CBP's implementation of the app, such as training materials and protocols for the app's use. The FOIA request is attached as Exhibit A and incorporated herein by reference.

**DEFENDANT CBP'S FAILURE TO RESPOND**

29. CBP sent Plaintiff a receipt notice on July 29, 2021, documenting receipt of Plaintiff's FOIA request and assigning it a receipt number, CBP-2021-089142. A copy of CBP's letter is attached as Exhibit B.

30. On August 2, 2021, Plaintiff received notice that CBP deemed the request for a fee waiver "not applicable" because the request was not billable.

31. Plaintiff received an email from CBP on September 22, 2021, notifying that the agency changed the tracking number of the request from CBP-2021-089142 to CBP-OFO-2021-089142.

32. Via a separate email on September 22, CBP sent Plaintiff an acknowledgement letter for the request CBP-OFO-2021-089142. In the acknowledgement letter, CBP stated that while the agency's goal was to respond within 20 business days of receipt of the Council's request, it would invoke a 10-day extension pursuant to 6 C.F.R. § 5.5(c). This acknowledgement letter is attached as Exhibit C.

33. On October 25, 2021, Plaintiffs reached out telephonically to request an update regarding the FOIA request.

34. The next day, Plaintiffs received an email from the CBP FOIA Division requesting Plaintiffs to narrow the scope of the request.

35. Plaintiffs replied to the CBP FOIA Division's petition to narrow the scope of the Request on November 1, 2021, agreeing to certain suggestions presented by the CBP FOIA Division's October 26 email and rejecting part of its suggestions.

36. Plaintiffs have not received any communication or other response to the FOIA Request since October 26, 2021.

37. This action is ripe for adjudication because none of CBP's communications with Plaintiff, i.e. the acknowledgement of receipt of a FOIA request and CBP's request to narrow the FOIA request, are a "determination" under FOIA that would require Plaintiffs to exhaust their administrative remedies. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013) (Kavanaugh, J.).

### FIRST CAUSE OF ACTION
### Violation of Freedom of Information Act
### for Failure to Respond within the Time Required

38. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

39. Within 20 days (excluding Saturdays, Sundays, and legal public holidays) after receiving the FOIA Request, CBP was required under 5 U.S.C. § 552(a)(6)(A)(i) to determine whether to comply with the request and to notify the Plaintiffs of its determination and the reasons therefor and of their rights to appeal any adverse determination administratively.

40. None of the communications that the Plaintiff received from CBP contained the requisite determination required by 5 U.S.C. § 552(a)(6)(A)(i).

41. Defendants' failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A), as well as the regulations promulgated thereunder.

### SECOND CAUSE OF ACTION
### Violation of Freedom of Information Act
### for Failure to Conduct a Reasonable Search and to Disclose Responsive Records

42. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

43. Defendants were required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Request, and promptly to produce them to Plaintiffs,

including in the format specified in the FOIA Request if the records are readily reproducible in that format.

44. CBP has not conducted a reasonable search for records responsive to the FOIA Request.

45. CBP has not produced any records responsive to the FOIA Request.

46. CBP has not produced any responsive records in the format requested by Plaintiffs.

47. Plaintiffs have a legal right to obtain the records requested in the FOIA Request, and no legal basis exists for Defendants' failure to search for and disclose them.

48. Defendants' failure to conduct a reasonable search for and to produce records responsive to Plaintiffs' request violates 5 U.S.C. § 552(a)(3), as well as the regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that judgment be entered in its favor and against Defendants, and that the Court:

a. Declare that Defendants' failure to respond to the FOIA Request within the statutory time limit, their failure to search for records responsive to the Plaintiff's request, and their failure to disclose such responsive records violate FOIA;

b. Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants to conduct a prompt, reasonable search for records responsive to the FOIA Request;

c. Enjoin Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of

either Defendant from withholding records responsive to the FOIA Request and order Defendants promptly to produce the same;

        d.      Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

        e.      Grant all other such relief to the Plaintiffs as the Court deems just and equitable.

Dated: December 20, 2021

Respectfully submitted,

*/s/ Emily Creighton*

Emily Creighton (Bar No. 1009922)
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7514 (phone)
(202) 742-5619 (fax)
ecreighton@immcouncil.org

*Counsel for Plaintiff*